UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ABOU LY,<br>　　　Petitioner,<br><br>　　　v.<br><br>MICHAEL NESSINGER, Warden of<br>Wyatt Detention Facility, DAVID<br>WESLING, Director ICE Boston Field<br>Office, TODD M. LYONS, Acting<br>Director of ICE, MARKWAYNE<br>MULLIN, U.S. Secretary of Homeland<br>Security; TODD BLANCHE, Acting<br>Attorney General of the United States,<br>　　　Respondents. | C.A. No. 26-cv-315-MRD-AEM |

## ORDER

Before the Court is Abou Ly's petition for a writ of habeas corpus wherein he argues for his release from Immigration and Customs Enforcement ("ICE") custody. ECF No. 1. He asserts eight separate-but-related claims for relief, which stem from an Immigration Judge's ("IJ") decision to deny Ly's request for bond after finding him to be a danger to the community by clear and convincing evidence. [1] *Id.* ¶¶ 41–72. Ly contends that the IJ's decision was erroneous because it was based on an uncorroborated police report. *Id.* at 1–2.

---

[1] Petitioner Ly asserts four violations of the Fifth Amendment Due Process Clause, a violation of the Eighth Amendment, a violation of INA § 236(a) and 8 CFR § 1236.1(d), and a violation of 5 U.S.C. § 706(2)(A). *See* ECF No. 1 ¶¶ 41–72.

By way of background, Petitioner Ly came to the United States from Senegal on March 7, 2024 on an F-1 student visa as he was slated to attend Salem State University. *Id.* ¶ 4. Just three months later, on June 13, 2024, his student visa was revoked for his failure to enroll at the university and he was charged with being removable under INA § 237(a)(1)(C)(i). *Id.* ¶¶ 10–11. Fast forward to February 12, 2026, police in Lynn, Massachusetts responded to Ly's residence after a neighbor called the police and reported hearing someone yelling for help. ECF No. 4 at 6. Police arrested Ly and charged him with the following offenses: (1) assault and battery with a dangerous weapon upon a pregnant person; (2) assault and battery upon a pregnant person; and (3) assault and battery on a family or household member. ECF No. 1 ¶¶ 13, 19. All charges were dismissed on April 13, 2026 for failure to prosecute. *Id.* ¶ 22. Petitioner Ly was not present in court for the dismissal because he was in ICE custody where he had been since ICE officers arrested him at his residence on March 18, 2026. *Id.* ¶ 30.

On April 28, 2026, an IJ held a bond hearing and considered the parties' bond redetermination arguments with supporting exhibits, including "the full criminal case file from *Commonwealth v. Abou Ly*, No. 2613CR000394, including the Lynn Police incident report, docket sheets, [petitioner's wife's] motion to remove the no-contact order, the application for complaint … and the denied motion to dismiss." *Id.* ¶¶ 32–33. After reiterating the allegations surrounding the assault, the IJ explained the following:

> [G]iven the extremely egregious nature of the physical harm to a
> pregnant person, the court is going to find he's a danger . . . [T]he court

2

> believes there is also internal corroboration within the police report because of the statements of the alleged victim herself . . . And [the court] will note victims of domestic violence do often recant or retract their statements.

*Id.* ¶¶ 36–37. On May 18, 2026, Petitioner Ly appealed the IJ's decision to the Board of Immigration Appeals ("BIA") and filed the petition pending before this Court.

The Respondents argue that this petition must be denied because the Petitioner did not exhaust administrative remedies, the IJ properly applied the law and found the police report was reliable evidence of dangerousness, and the Court lacks jurisdiction over the petition. ECF No. 4 at 3. As to the exhaustion argument, the Court agrees with the Respondents that the Petitioner should have exhausted all available remedies—first by appealing to the Board of Immigration Appeals ("BIA") and, if necessary, to the appropriate Court of Appeals—before filing the instant petition. In *Brito v. Garland*, the First Circuit explained that "a plaintiff's failure to exhaust her administrative remedies precludes her from obtaining federal review of claims that would have properly been raised before the agency in the first instance." 22 F.4th 240, 255 (1st Cir. 2021). That petitioner, like Petitioner Ly, argued that exhaustion was not required, but the Court disagreed and ultimately "declined to review the petitioners' unexhausted alternatives-to-release claim … because the petitioner failed to ask the IJ to consider alternatives to detention." *Id.* at 255 n.11 (cleaned up).

Petitioner Ly asserts in his reply, without citing to any authority, that "[e]xhaustion … should be excused here given the urgency and inadequacy of agency review to resolve the legal issues in time." ECF No. 5 at 4. While the BIA process

"may take some time to conclude," ECF No. 4 at 9, that does not mean the Petitioner is excused from pursuing his appeal before that venue. Further, on the topic of exhaustion, a district judge in Massachusetts has explained:

> While a noncitizen like [the petitioner] is entitled to due process, his argument is not that he has been denied due process but that he has not received enough of it with the outcome he believes he is entitled to. At most he is arguing that the IJ's cursory finding that he presents a flight risk was based on insufficient (or insufficiently articulated) evidence. *This is precisely the type of alleged error committed to review by the BIA . . . .*

*Dos Reis v. Vitello*, C.A. No. 25-10497-RGS, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025) (emphasis added). Like this case, *Dos Reis* dealt with a petitioner's request to have the "court step into the shoes of the BIA and reverse the IJ's bail determination, apparently on the grounds that the IJ's explanation of her decision is insufficiently fulsome in detail to satisfy due process." *Id.* And like *Dos Reis*, this Court will not "step into the shoes of the BIA." *Id.*

This Court has little trouble concluding that the appropriate venue for Petitioner Ly's arguments, at this point, is the BIA. Accordingly, the Court declines to review the IJ's detention order and DISMISSES this petition for failing to exhaust administrative remedies.[2]

---

[2] The Court need not examine the Respondents' other arguments in support of dismissal since the petition is dismissed for failing to exhaust administrative remedies.

4

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge


05/29/2026